IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAIMEL L. GLENN | * |
| Plaintiff | * |
| v. | *    Civil Action No. WDQ-10-521 |
| J. LINBURG | * |
| Defendant | * |

\*\*\*

## MEMORANDUM

Pending is Defendant's Motion to Dismiss or for Summary Judgment. ECF No. 15. Plaintiff has not opposed the motion, but was advised of the consequences of failing to do so. ECF No. 16. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011).

## Background

Plaintiff Kaimel Glenn ("Glenn") alleges Defendant, Correctional Officer Lindburg,[1] is biased against him because a friend of his (Officer Davis) closed a door on Glenn and Glenn is suing him for it. Glenn states Lindburg is discriminating against him, talking about him to other officers, and is not protecting his safety. ECF No. 1 at pp. 4-5; ECF No. 3. As relief, Glenn requests that Lindburg be moved to another institution. *Id.*

Defendant asserts that Glenn filed an administrative remedy procedure complaint (ARP) on August 24, 2009 alleging that on August 23, 2009, Officer Davis shut his head in a door. ECF No. 15 at Ex. 1 Glenn withdrew his ARP on September 18, 2009. *Id.* at p. 5. After withdrawing the ARP against Officer Davis, Glenn filed several ARPs about the same conduct alleged in the withdrawn ARP as well as additional allegations that Officer Davis and other officers were harassing him. *Id.* at pp. 6 – 28. Most of the claims were dismissed for procedural reasons. *Id.* at pp. 6–24. The last ARP filed by Glenn regarding Davis was dismissed after an investigation. Glenn claimed that Davis prevented him from obtaining his insulin shot. The investigation

---

[1] The Complaint shows Defendant's name as "Lin Burg." ECF No. 1. Plaintiff filed an amended Complaint stating Defendant's name is actually Officer J. Lindburg. ECF No. 3.

included an interview of Travis Barnhart, LPN who confirmed that Glenn does not receive insulin shots. Additionally, the investigation revealed that Davis was not assigned to the Plaintiff's tier on the day in question. *Id.* at pp. 25 - 28. Glenn never mentions Defendant in any of the ARPs filed. *Id.* at pp. 2 - 28.

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to...the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The PLRA provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Glenn is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to general conditions of confinement claims. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though the relief sought is not attainable through resort to the administrative remedy procedure. *See Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be considered by this Court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Defendant in the instant case asserts that Glenn has failed to exhaust administrative remedies, and Glenn has failed to dispute the assertion. Glenn has failed to show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D.Md.2003). Thus, Defendant is entitled to summary judgment. A separate Order follows.

_5/10/12_
Date

_William D. Quarles, Jr._
United States District Judge